### In re WOLFF.

(District Court, N. D. California. September 16, 1904.)

No. 3,495.

1. BANKRUPTCY—DISCHARGE—DISMISSAL OF PETITION.

A court of bankruptcy is not authorized to dismiss a bankrupt's petition for discharge, filed in due time, because of delay in bringing the matter to a hearing after specifications of objection have been filed.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 718.

In Bankruptcy. On motion to dismiss bankrupt's petition for discharge.

Mullaney, Grant & Cushing, for motion.
John R. Aitken and Jos. Rothchild, for bankrupt. .

DE HAVEN, District Judge. This is a motion to dismiss the bankrupt's application for discharge. It appears from the affidavit filed in support of the motion that the petition in bankruptcy was filed on March 6, 1901, and on the same day Julius Wolff was duly adjudicated bankrupt. On December 28, 1901, he filed his application for discharge, and the same was set for hearing for January 4, 1902. Thereafter specifications in opposition to the application for discharge were filed. The affidavit charges:

"That at all times after said 6th day of March, 1902, * * * said application for discharge upon said oppositions and specifications has been fully at issue, but that no further proceedings to bring said matter on for trial or for hearing before this court have been had or taken by said bankrupt herein, and that said bankrupt has entirely failed and neglected to prosecute the same, or bring the same on for hearing or trial with due or any diligence, or at all."

The facts stated in the affidavit are not such as to warrant the court in dismissing the bankrupt's petition for discharge. In Re Sutherland, Deady, 573, Fed. Cas. No. 13,640, is in point. In that case it is said:

"When an appearance has been entered by any creditor against the discharge, the proceedings upon the petition are no longer under the exclusive control of the bankrupt; but the opposing creditor cannot then move to dismiss the petition, or that its prayer be denied, because the bankrupt is, or supposed to be, dilatory in bringing the matter on for hearing. The remedy of the creditor is to move the court to set down the matter for hearing upon the petition and his objections thereto, if any be filed."

In addition to this, it may be said that the dismissal of the petition for discharge is, in legal effect, a denial of the same. Section 14 of the bankruptcy act (July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) specifies the causes for which a discharge may be refused. Laches of the bankrupt in not bringing on a trial of the issues raised by a creditor's opposition to his application for discharge is not one of the enumerated causes, and the court is not authorized to extend the provisions of that section, and refuse a discharge upon any other grounds than those therein set forth. Brandenburg on Bankruptcy (3d Ed.) § 377.

Motion denied.